# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **In re:** | ) |
| | ) Chapter 7 |
| **ARNOLD TRANSPORTATION** | ) |
| **SERVICES, INC.,** | ) |
| | ) Case No. 24-10928-CTG |
| **Debtors.** | ) |
| | ) Adv. Proc. No. _____ |
| **JAY WATKINS**, *on behalf of* | ) |
| *himself and those similarly situated*; | ) CLASS ACTION ADVERSARY |
| | ) PROCEEDING COMPLAINT |
| | ) |
| | ) Honorable Judge Craig T. Goldblatt |
| Plaintiff, | ) |
| | ) **JURY TRIAL DEMANDED** |
| v. | ) |
| | ) |
| | ) |
| **ARNOLD TRANSPORTATION** | ) |
| **SERVICES, INC.,** | ) |
| | ) |
| Defendant. | ) |
| | ) |

## CLASS ACTION ADVERSARY COMPLAINT FOR
## VIOLATION OF WARN ACT 29 U.S.C. § 2101, ET SEQ.

Plaintiff Jay Watkins, on behalf of himself and a putative class of similarly situated former

employees as defined herein, brings this suit against Debtor-Defendant Arnold Transportation

Services, Inc., by way of this Class Action and Adversary Proceeding Complaint, alleging as

follows:

## NATURE OF THE ACTION

1.      This is a Class Action Complaint brought under the Worker Adjustment and

Retraining Notification Act, 29 U.S.C. §§ 2101–2109 (the "WARN Act") by the Plaintiff on his

own behalf and on behalf of the other similarly situated persons against Defendant Arnold Transportation Services, Inc. ("<u>Arnold</u>" or "<u>Defendant</u>"), his employer for WARN Act purposes.

2. On or within 90 days of April 30, 2024, Defendant made a mass layoff and/or effected a plant closing by, unilaterally and without proper notice to employees or staff, terminating approximately 157 employees at its facility, located at 3375 High Prairie Rd., Grand Prairie, TX 75050 ("<u>Facility</u>").

3. Defendant failed to provide 60 days advance written notice to employees or staff as required by the WARN Act, 29 U.S.C. § 2101 *et seq.*, to the affected employees.

4. The last day Plaintiff worked was April 21, 2024, but he and others were officially terminated by e-mail on April 30, 2024.

5. Defendant's reduction in nearly its entire workforce at that plant constituted a mass layoff or plant closing, commencing on or around April 30, 2024. As such, Plaintiff and other similarly situated employees, should have received the full protection afforded by the WARN Act.

6. Plaintiff's claims, as well as the claims of all similarly-situated employees, are entitled to partial administrative expense status pursuant to United States Bankruptcy Code § 503(b)(1)(A) and partial, or alternatively, full priority status under 11 U.S.C. § 507(a)(4) and (5), up to the priority cap, with the balance, if any, being a general unsecured claim.

<u>**JURISDICTION AND VENUE**</u>

7. This Court has jurisdiction over this matter pursuant to 28 U.S.C § 1331 and 29 U.S.C. § 2104(a)(5).

8. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), and (O).

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 2104(a)(5).

## PARTIES

10. Plaintiff Jay Watkins is a citizen of the United States and resident of Austin, TX. Plaintiff Watkins was employed by Defendant at all relevant times at the Facility. He was hired by Defendant on or around April 2023. He is an "aggrieved employee" within the meaning of 29 U.S.C. § 2104(a)(7).

11. Defendant Arnold Transportation Services, Inc., is a company registered to do business in Texas with its principal place of business located at 3375 High Prairie Road, Grand Prairie, TX 75050-4228. Defendant may be served via its registered agent, Registered Agents, Inc., 5900 Balcones Drive, Suite 100, Austin, TX 78731.

12. On April 30, 2024, Defendant filed a voluntary petition for Chapter 7 bankruptcy. On May 2, 2024, Jeoffrey L. Burtch was appointed the Chapter 7 trustee, whose address is P.O. Box 549, Wilmington, Delaware 19899.

## FACTS

13. Defendant is a private, Texas-based trucking company that operates the facility at 3375 High Prairie Road, Grand Prairie, TX 75050.

14. On or around April 30, 2024, Plaintiff received an e-mail explaining that employment would be terminated immediately.

15. According to the Texas Workforce Commission, Defendant provided notice to the Dallas County WDA on April 30, 2024, for layoffs occurring that same day.

16. Defendant did not provide any WARN Act Notice as required by 29 U.S.C. §§ 2101 *et seq.* even though it planned to abolish, terminate, and/or layoff over one-hundred full-time employees employed there.

17. Upon information and belief, no circumstances existed that would have permitted Defendant from reducing the notification period as provided in 29 U.S.C. § 2102(b).

18. By failing to provide its affected employees who were temporarily or permanently terminated on or around April 30, 2024, with WARN Act Notices and other benefits, Defendant acted willfully and cannot establish that it had any reasonable grounds or basis for believing its actions were not in violation of the statute.

## RULE 23 CLASS ACTION ALLEGATIONS

19. Plaintiff brings his WARN Act claim as a Class Action pursuant to Federal Rule of Civil Procedure 23 on behalf of the following Nationwide class:

> All employees of Defendant who were terminated pursuant to a mass layoff or plant closing (as those terms are defined in the WARN Act) within 90 days of April 30, 2024.

20. Class Action treatment of WARN Act claims is appropriate because all of Federal Rule of Civil Procedure 23's Class Action requisites can be satisfied. For example:

   a. The class includes, upon information and belief, over 50 class members, and, as such, is so numerous that joinder of all the class members is impracticable under these circumstances, thereby satisfying Federal Rule of Civil Procedure 23(a)(1).

   b. Questions of law and fact are common to the class, including, *inter alia*, whether Defendant provided adequate notice of its mass layoff under the WARN Act, 29 U.S.C. § 2102. Thus, Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(2).

4

c. Plaintiff is a member of the class, whose claims are typical of the claims of other class members. Plaintiff has no interests that are antagonistic to or in conflict with the interests of other class members. Thus, Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(3).

d. Plaintiff will fairly and adequately represent the class and its interests. Moreover, Plaintiff has retained competent and experienced counsel who will effectively represent the interests of the class. Thus, Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(4).

21. Class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(1) because the prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications. This would establish incompatible standards of conduct for Defendant and/or because adjudications with respect to individual class members would as a practical matter be dispositive of the interests of non-party class members.

22. Class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(2) because Defendant acted or refused to act on grounds generally applicable to the Class, making appropriate declaratory and injunctive relief with respect to Plaintiff and the class as a whole.

23. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over any question affecting only individual class members, and because a Class Action is superior to other available methods for the fair and efficient adjudication for this litigation.

**VIOLATIONS OF THE WARN ACT, 29 U.S.C. §§ 2101,** *et seq.*
**COUNT I**
**(WARN Act)**
(*On behalf of Plaintiff and the Putative Class*)

24.     Plaintiff re-alleges and incorporates all preceding paragraphs as if set forth in full here.

25.     Defendant is an "employer" within the meaning of the WARN Act, 29 U.S.C § 2101(a)(1).

26.     Plaintiff and the putative class members were, at all relevant times, "affected employees" within the meaning of the WARN Act, 29 U.S.C § 2101(a)(5).

27.     The April 30, 2024, permanent layoffs of at least 157 employees at the Facility resulted in "employment losses" as defined in 29 U.S.C. § 2101(a)(3)(B)(i)(I) and (II) for at least 33 percent of the employees and at least 50 employees.

28.     For purposes of 29 U.S.C. § 2101(a)(3)(B)(i)(I) and (II), the Facility constitutes a single site of employment in that each employee's facility was the location to which relevant employees were assigned as their home base, the place from which their work was assigned, and the place to which they reported for work.

29.     The WARN Act requires employers to provide 60-days' notice of any plant closing or mass layoff "to each representative of the affected employees . . . or, if there is no such representative at that time, to each affected employee," 29 U.S.C. § 2102(a)(1), and "to the State or entity designated by the State to carry out rapid response activities under [29 U.S.C. §] 3174(a)(2)(A)," as well as to "the chief elected official of the local government within which such closing or layoff is to occur," 29 U.S.C. § 2102(a)(2).

6

30. On information and belief, prior to April 30, 2024, Defendant did not give any written notice of the plant closing and/or mass layoff to any "affected employee," including Plaintiff and the putative class, as that term is defined in 29 U.S.C § 2101(a)(5). Nor upon information and belief did Defendant give any prior written notice to the Texas state agency, or to the chief elected official of the local government within which the mass layoff was ordered. Rather, Defendant waited after announcing the mass layoffs already occurred to do so.

31. Defendant violated the WARN Act by failing to give timely written notice of the mass layoff as required by 29 U.S.C. § 2102(a), which began on or about April 30, 2024.

32. As such, Plaintiff and the putative class are "aggrieved employees" within the meaning of the WARN Act, 29 U.S.C. § 2104(a)(7).

33. The WARN Act expressly permits an "aggrieved employee" to bring a civil action individually and on behalf of the putative class to seek relief for violations of the provisions of 29 U.S.C. § 2102. See 29 U.S.C. § 2104(5).

34. Moreover, Defendant's violations of the WARN Act were not in good faith, and Defendant had no reasonable grounds for believing that the plant closing or mass layoff it ordered was not in violation of the notice requirements at 29 U.S.C. § 2102.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff pray for the following relief:

1. Certification of the Class as a Class Action pursuant to Federal Rule of Civil Procedure 23(b), and designation of Plaintiff as a representative of the Class and his counsel of record as Class Counsel.

2. A declaration that Defendant has violated the WARN Act;

7

3. A first priority administrative expense claim against Defendant pursuant to 11 U.S.C. § 503(b)(1)(A) in favor of the Plaintiff and the other similarly-situated former employees equal to the sum of their: unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other COBRA benefits, for 60 days, that would have been covered and paid under the then-applicable employee benefits had that coverage continued for that period, all determined in accordance with the WARN Act, or alternatively, determining that the first $15,150 of the WARN Act claims of the Plaintiff and each of the other similarly-situated former employees are entitled to priority status under 11 U.S.C. § 507(a)(4)-(5), and the remainder is a general unsecured claim;

4. A judgment against Defendant and in favor of Plaintiff and the putative class for back pay to the fullest extent permitted by the WARN Act, 29 U.S.C. § 2104(a)(1)(A).

5. A judgment against Defendant and in favor of Plaintiff and the putative class for the loss of benefits, including, but not limited to, medical expenses incurred by Plaintiff and the putative class during the employment loss, to the fullest extent allowable under the WARN Act, 29 U.S.C. § 2104(a)(1)(B).

6. A finding that Defendant's violations of the WARN Act was willful, not in good faith, and that Defendant had no reasonable grounds for believing that its mass layoff was not in violation of the notice requirements of the WARN Act, 29 U.S.C. § 2102.

7.    A judgment against Defendant and in favor of Plaintiff and the putative class for litigation costs, expenses, attorney's fees to the fullest extent permitted under the WARN Act, 29 U.S.C. § 2104(a)(6), and for discretionary costs pursuant to Federal Rule of Civil Procedure 54(d);

8.    A judgment against Defendant for civil penalties to the fullest extent allowable under the WARN Act, 29 U.S.C. § 2104(a)(3); and,

9.    Such other and further relief as this Court deems just and proper and allowed under the WARN Act.

Respectfully submitted,

Dated: June 17, 2024

**COOCH AND TAYLOR, P.A.**

*/s/ R. Grant Dick IV*
R. Grant Dick IV (No. 5123)
Dean R. Roland (No. 6459)
Kevin D. Levitsky (No. 7228)
The Brandywine Building
1000 N. West. St., Suite 1500
Wilmington, DE 19801
Tel.:   (302) 984-3867
Email:  gdick@coochtaylor.com
       droland@coochtaylor.com
       klevitsky@coochtaylor.com

*Counsel for Plaintiff and Proposed Class*

**OF COUNSEL:**

J. Gerard Stranch, IV
Michael C. Iadevaia
**STRANCH, JENNINGS, & GARVEY, PLLC**
223 Rosa Parks Ave. Suite 200
Nashville, TN 37203
Telephone: 615/254-8801

Facsimile: 615/255-5419
gstranch@stranchlaw.com
miadevaia@stranchlaw.com

Samuel J. Strauss
Raina C. Borrelli
**STRAUSS BORRELLI, LLP**
613 Williamson St., Suite 201
Madison, WI 53703
T: (608) 237-1775
F: (608) 509-4423
sam@straussborrelli.com
raina@straussborrelli.com

Lynn A. Toops
Amina A. Thomas
**COHEN & MALAD, LLP**
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
(317) 636-6481
ltoops@cohenandmalad.com
athomas@cohenandmalad.com

*Counsel for Plaintiff and Proposed Class*